IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAURA MARVIN,

                Plaintiff,                OPINION & ORDER

  v.

                                          14-cv-313-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

---

    Plaintiff Laura Marvin seeks judicial review of a final decision of the Commissioner of Social Security finding her not disabled within the meaning of the Social Security Act. Marvin asserts that remand is necessary because the administrative law judge (ALJ) failed to adequately consider her headaches when he evaluated her medically determinable impairments and her residual functional capacity (RFC). Because the ALJ properly considered the headaches, the court will affirm his decision.

BACKGROUND

    Unless otherwise noted, the court draws the following procedural and factual background from the ALJ's written opinion. Where appropriate, the court cites to the Administrative Record, Dkt. 7, to supply additional relevant information.

    Marvin was born on November 15, 1965. She completed high school and worked sporadically as a housekeeper/cleaner and sewing machine operator, but she stopped working in March 2000. She raised her two children herself, both of whom are disabled. Marvin suffers from affective disorder and chronic obstructive pulmonary disease (COPD). She also has asthma and headaches.

Marvin applied for supplemental security income on November 8, 2010, alleging an onset date of March 1, 2000. After her application was denied, she requested and had a hearing in front of ALJ Arthur Schneider. The ALJ heard testimony from Marvin, her attorney, an impartial medical expert, and an impartial vocational expert. He then issued a decision on December 19, 2012, finding Marvin not disabled. R. 31-40.

In his decision, the ALJ found that Marvin had not engaged in substantial gainful activity since her application date and that she had severe limitations of affective disorder and COPD. R. 33. The ALJ next compared Marvin's impairments to Listing 12.04 for affective disorders among the listed impairments in 20 C.R.F. Part 404, Subpart P, Appendix 1. R. 34-35. He considered her activities of daily living, social functioning, concentration, persistence, and pace, and whether she experiences any episodes of decompensation. *Id.* The ALJ found that Marvin experienced only mild limitation in each category, except that she experienced a moderate limitation in concentration, persistence, and pace. R. 35. He found that this was not enough to meet or medically equal the criteria of Listing 12.04. *Id.*

The ALJ then determined that Marvin had the RFC to perform a wide range of sedentary work and could stand for two to eight hours per day, and sit for six to eight hours per day. *Id.* He found that she was available for simple, routine, and repetitive work, could understand, carry out, and remember simple instructions, was able to respond appropriately to supervisors, coworkers, and the public, and could adjust to routine changes in the workplace. *Id.* The ALJ found that although Marvin was unable to perform her past relevant work, there were jobs available to her in the economy and thus she was not disabled. R. 39. The Appeals Council declined to review Marvin's claim on February 28, 2014. She timely sought judicial review in this court under the Social Security Act, 42 U.S.C. § 405(g).

ANALYSIS

Marvin argues that her headaches should have been considered a severe impairment at step two in the analysis because there was evidence in the record of her diagnosis and symptoms. Marvin further argues that because the ALJ failed to recognize her headaches as a medical impairment at step two, his RFC determination is also flawed.

When a federal court reviews a final decision by the Commissioner of Social Security, the Commissioner's findings of fact are "conclusive" so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The reviewing court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). However, a reviewing "court must conduct a critical review of the evidence before affirming the [C]ommissioner's decision, and the decision cannot stand if it lacks evidentiary support or is so poorly articulated as to prevent meaningful review." *Hemminger v. Astrue*, 590 F. Supp. 2d 1073, 1079 (W.D. Wis. 2008) (internal citations omitted). To provide the necessary support for a decision to deny benefits, the ALJ must "build an accurate and logical bridge from the evidence to [his] conclusion." *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

To be a medically determinable impairment, Marvin's headaches would have to be established by medical signs, symptoms, and laboratory findings, not only by her statement of symptoms. 20 C.F.R. § 416.908; SSR 96-4p. But even if Marvin can establish medical signs, symptoms, and laboratory findings of her headaches, that "does not mean the ALJ [is] required to find that [the claimant] suffer[s] disabling impairments." *Skinner v. Astrue*, 478 F.3d 836, 845 (7th Cir. 2007). For the impairment to be considered severe and potentially disabling, it must

3

significantly limit Marvin's physical or mental ability to perform basic work activities for at least 12 consecutive months. 20 C.F.R. §§ 416.920 and 416.921; SSR 96-3p. Determining the severity of impairments is only a threshold issue. If an ALJ omits some impairments, but continues his analysis through the remaining steps (usually based on other impairments that he finds severe), then the omission is harmless error. *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012) (holding that it was harmless error to omit impairments at step two where the ALJ completed the remaining steps of the evaluation process).

In this case, the question is whether the RFC adequately reflects Marvin's limitations. "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." SSR 96-8p; *see also Outlaw v. Astrue*, 412 F. App'x 894, 898 (7th Cir. 2011) ("The ALJ needed only to include limitations in his RFC determination that were supported by the medical evidence and that the ALJ found to be credible."). Conversely, when there are no limitations or restrictions in the record, the ALJ "must consider the individual to have no limitation or restriction with respect to that functional capacity." SSR 96-8p.

Marvin claims that the ALJ completely ignored evidence of her headaches. If that were true, remand would be appropriate. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) (holding that "the ALJ erred in utterly failing to even acknowledge" evidence that the claimant required medication for her migraines). But in this case, the ALJ did not ignore the evidence of Marvin's headaches. In his RFC analysis, the ALJ acknowledged that Marvin reported that she "has severe headaches, almost daily, of a pain level 8-9/10, that last 12-24 hours and radiate into her neck, shoulders, and down her back." R. 36. However, he also stated that Marvin "has been prescribed medication," "had stimulator therapy to relax her muscles," and had "Botox

injections." *Id.* He found that the headaches were controlled by these treatments and cited treatment records that supported this finding.

The ALJ explored Marvin's headaches at the hearing. R. 95-96. And although her medical record includes several diagnoses and treatment notes for headaches, none of the medical opinions suggested that they were severe enough to cause functional limitations or require workplace accommodations such as required breaks or likely absences. R. 113-24, 126-38, 542-46, 589-95, 984-89. Instead, the medical records suggest that Marvin was responsive to treatment. *See, e.g.*, R. 866-68, 931, 937-38. Although no medical opinion addressed Marvin's headaches, the ALJ explicitly acknowledged Marvin's headaches. R. 36. He described her symptoms and her treatment, finding that the headaches were well-controlled and thus, not severe. *Skinner*, 478 F. 3d at 845 (symptoms controlled by proper medication are not severe). The ALJ also provided a well-supported appraisal of Marvin's credibility, in which he determined that her subjective reports were not credible because of numerous inconsistencies. But regardless of the severity of her headaches, none of Marvin's doctors or medical records suggested that her headaches limited her ability to work. Accordingly, the ALJ was not required to incorporate any headache-related limitations into Marvin's RFC. SSR 96-8p. His decision was adequately supported by the evidence and will be affirmed.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Laura Marvin's application for disability insurance benefits and supplemental security income is AFFIRMED and Marvin's appeal is

DISMISSED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered June 2, 2015.

                                                 BY THE COURT:

                                                 /s/

                                                 _____
                                                 JAMES D. PETERSON
                                                 District Judge